IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:24-CR-014-Z (02) |
| ELTON L. SMITH (02) | |

## FACTUAL RESUME

In support of Elton L. Smith's plea of guilty to the offense in Count One of the Superseding Information, Smith, the defendant, C.J. McElroy, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant and at least one other person made an agreement to commit the crime of possession with intent to distribute methamphetamine, as charged in the Superseding Information;

*Second.*   That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third.*   That one of the coconspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Superseding Information, in order to accomplish some object of

---

[1] Fifth Circuit Pattern Jury Instruction 2.96 (5th Cir. 2019).

purpose of the conspiracy.

The elements of Possession with Intent to Distribute Methamphetamine, a violation of 21 U.S.C. § 841(a)(1), are as follows:[2]

*First.*   That the defendant knowingly possessed a controlled substance as charged in the Superseding Information;

*Second.*   That the substance was in fact methamphetamine; and

*Third.*   That the defendant possessed the substance with the intent to distribute it.

## STIPULATED FACTS

1.   Elton L. Smith admits and agrees that on or about July 24, 2023, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly and willfully combine, conspire, confederate, or agree with persons known or unknown to unlawfully, knowingly, and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Moreover, Smith admits that in furtherance of the conspiracy, he or other coconspirators, known or unknown, knowingly committed overt acts, including, but not limited to the following: On or about July 24, 2023, Smith traveled with a coconspirator to facilitate the transportation of methamphetamine for further distribution. All in violation of Title 18, United States Code, Section 371.

---

[2] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019).

Elton L. Smith
Factual Resume—Page 2

2. On July 24, 2023, an Amarillo Police Department (APD) Officer conducted criminal interdiction at the Greyhound bus maintenance barn in Amarillo, Texas. A bus travelling from Los Angeles, CA to New York, NY arrived at the main terminal where the passengers were dropped off prior to the bus arriving at the maintenance barn. The APD officer utilized his canine to conduct a free-air sniff of the luggage under the bus. The canine alerted to two bags under the bus. The first bag was a smaller silver hard-sided suitcase. During a search of that suitcase, the officer located a smaller black backpack that contained marijuana and marijuana dispensary products. The second suitcase was a larger Ifly hard-sided suitcase. The officer searched the Ifly suitcase and located 25 hard bundles of suspected methamphetamine hidden inside a pair of sweatpants.

3. The Greyhound bus left the service station and returned to the passenger terminal, located at 700 South Tyler Street, Amarillo, Texas. A Drug Enforcement Administration Special Agent (DEA SA) joined the re-board line for the Greyhound bus. The driver of the bus notified the passengers that they would need to take their luggage off the bus due to a maintenance issue. The DEA SA observed Elton Smith take possession of both suitcases.

4. Once inside the terminal, Smith and Williams sat down near the suitcases. Officers later reviewed the bus terminal videos, which showed Smith take the suitcases from the storage compartment of the bus, enter the bus terminal, and hand the suitcase to Williams. Williams took custody of the suitcase and walked with it a short distance, out of the view of the camera.

Elton L. Smith
Factual Resume—Page 3

5. DEA SA Brown contacted Smith and Williams in the terminal as they sat together. At that time, Smith was holding on to both suitcases.

6. Later, DEA SA Brown subpoenaed the flight manifest for Smith's flights to California. Smith and Williams were on the same flights to California, sitting just two rows away from each other.

7. On March 14, 2024, Williams was arrested in Milwaukee, Wisconsin. On that day, DEA SA Brown conducted an interview with Williams. SA Brown read Williams his *Miranda* warnings. Williams waived his rights and agreed to make a statement. Williams admitted that he flew to California with Smith prior to the July 24, 2023 bus stop encounter with DEA agents. Williams said he paid Smith $1,000 to bring the drugs back to Milwaukee, Wisconsin. Williams said that he did not trust Smith, so he traveled with Smith to oversee the transport of the drugs back to Milwaukee.

8. The suspected methamphetamine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 11,129 grams and a purity level of approximately 98 percent.

9. Smith admits that he knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

10. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose

of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 3rd day of July, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
Elton L. Smith
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_____
C.J. McElroy
Attorney for Defendant

Elton L. Smith
Factual Resume—Page 5